# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| CAROLINA POTTER, MATTHEW POTTER, ) <br> and NICHOLE POTTER, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SP PLUS CORPORATION, ) <br> EARL BRADLEY, and JANE DOE, ) <br> ) <br> Defendants. ) | No. 5:18-CV-06069-DGK |

## ORDER GRANTING MOTION TO REMAND

This lawsuit arises after Plaintiffs' husband and father, Randy Potter, was found deceased in his vehicle at a parking lot maintained and operated by Defendant SP Plus Corporation ("SP Plus"), after having taken his own life. Now before the Court is Plaintiffs' motion to remand (Doc. 11), arguing the Court lacks subject matter jurisdiction. For the following reasons, the motion is GRANTED and this case is REMANDED to the Circuit Court of Platte County, Missouri.

## Background

The state court petition alleges the following.

Plaintiffs' husband and father, Randy Potter, was found, deceased, in the Economy lot at the Kansas City International airport ("KCI") after having been in his vehicle for over eight months. Defendant SP Plus and its employees, manager Defendant Earl Bradley ("Bradley") and staff member Defendant Jane Doe ("Doe"), operated and maintained the lot where he was found. Defendants make use of a license plate inventory system, whereby every day each vehicle present on the lot has its license plate logged. When Plaintiffs visited the lot after Randy Potter went missing, they were given assurances that the lot was routinely checked and if his vehicle was

present, it would be immediately located. Ultimately, another parking lot patron discovered Randy Potter's body, concluding the eight month search. Plaintiffs allege Bradley, as the manager of the KCI SP Plus parking lot, was ultimately responsible for the proper oversight of the parking lot and the license plate monitoring system.

Plaintiffs filed a lawsuit in the Circuit Court of Platte County, Missouri, for various claims arising from the actions and inactions taken by Defendants. Relevant to this dispute is Plaintiffs' Count V, negligence against Bradley. On May 21, 2018, SP Plus removed this case to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332 (Doc. 1). Plaintiffs are Missouri citizens and SP Plus is a corporation incorporated in Delaware and has its principal place of business in Illinois. Bradley is a Missouri citizen, but SP Plus argues Bradley was fraudulently joined because there is no reasonable basis in law or fact for the negligence claim asserted against him, and so his citizenship should be disregarded for purposes of determining diversity jurisdiction.

Plaintiffs move to remand arguing Bradley was not fraudulently joined because he is a person subject to liability under Missouri law, and his presence in this lawsuit destroys diversity jurisdiction.

**Standard**

An action may be removed by the defendant where the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the court must remand the case to the state court from which it was removed. *Id.* § 1447(c). To invoke the court's diversity jurisdiction the parties must be citizens of different states and the amount in controversy must exceed $75,000. *Id.* § 1332(a). Complete diversity between the parties is required; the presence of a single plaintiff from the same

state as a single defendant extinguishes federal jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

"Under the doctrine of fraudulent joinder, a court may disregard the citizenship of a non-diverse defendant who was frivolously joined in an effort to defeat removal." *In re Genetically Modified Rice Litig.*, 618 F. Supp. 2d 1047, 1052 (E.D. Mo. 2009). Joinder is fraudulent where "the applicable state precedent precludes the existence of a cause of action against the defendant." *Filla v. Norfolk & S. Ry.*, 336 F.3d 806, 810 (8th Cir. 2003). "However, if there is a colorable cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." *Id.* at 810-11 (citation omitted) (emphasis added). Thus, "joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Id.* at 811.

In predicting whether state law might impose liability based upon the facts involved, the district court "should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Id.* "[T]he court has no responsibility to *definitively* settle the ambiguous question of state law." *Id.* "The court must simply determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant." *Id.* "[W]here the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Id.*

The removing party bears the "substantial" burden of proving the alleged fraud. *Dorsey v. Sekisui Am. Corp.*, 79 F. Supp. 2d 1089, 1091 (E.D. Mo. 1999). In considering a motion to remand, the district court must strictly construe the removal statute and resolve all doubts in favor of

remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

**Discussion**

Plaintiffs contend the negligence count in their petition against Bradley has a reasonable basis in law and fact, thus, Bradley was properly joined in this lawsuit. Bradley argues Missouri law does not recognize a duty of care for employees to third parties. The Court finds because a Missouri court might find Bradley owed a duty of care to Plaintiffs, Bradley was not fraudulently joined and his presence in this lawsuit destroys diversity jurisdiction.

Plaintiffs assert a negligence claim against Bradley for his failure to properly direct his employees in their maintenance of the parking lot. Plaintiffs' petition states that Bradley was negligent for failing to ensure the parking lot under his control were properly maintained, failing to ensure that vehicles left for long amounts of time were recorded and owners and/or law enforcement notified, and failing to perform a proper investigation after Plaintiffs reported Randy Potter missing. When considering whether Bradley owed Plaintiffs a duty of care, the petition states that Bradley, in his capacity as general manager of the parking lot, had control over the license plate inventory system his employees maintained. Plaintiffs further allege that a person in Bradley's position should have realized that if the parking lot was improperly maintained and inventoried, a missing person could be within the lot causing mental anguish to relatives.

Under Missouri law, employees may be personally liable to a third party under certain circumstances. *See Hutchen v. Wal-Mart Stores East I, LP*, 555 F. Supp. 2d 1013, 1018 (E.D. Mo. 2008) (discussing Missouri cases finding that employees were personally liable to third parties). One scenario is "when an employee has or assumes full and complete control of his employer's premises, his liability to the public or to invitees is the same as that of his employer." *Id.* (citing

*Giles v. Moundridge Milling Co.,* 173 S.W.2d 745, 751 (1943)). Another situation in which an employee can be personally liable is where an employee "breaches some duty which he owes to a third person." *State ex rel. Kyger v. Koeher*, 831 S.W.2d 953, 956 (Mo. Ct. App. 1992). The test is whether he has breached his legal duty or been negligent with respect to something over which he did have control. *Id.*

A Missouri court might find that Bradley owed a duty to Plaintiffs. Plaintiffs plead that Bradley, as the manager of the parking lot, had control over the operation and maintenance of the lot. Further, he had control over the license plate inventory system and the employees who were assigned to perform the daily inventories. Given these allegations, and the Court's obligation to resolve all facts and ambiguities in the law in Plaintiffs' favor, the Court finds there is a reasonable basis in law and fact supporting Plaintiffs' claim that Bradley owed a duty to them.

## Conclusion

Because a Missouri court might find that Bradley owed a duty of care to Plaintiffs, Bradley has not carried his heavy burden of proving fraudulent joinder. Bradley's continued presence in this lawsuit destroys complete diversity of citizenship, thus the Court lacks subject matter jurisdiction. Accordingly, Plaintiffs' Motion is GRANTED, and pursuant to 28 U.S.C. § 1447(c), this case is remanded to the Circuit Court of Platte County, Missouri for all further proceedings.

**IT IS SO ORDERED.**

Date: August 23, 2018              /s/ Greg Kays
                                   GREG KAYS, CHIEF JUDGE
                                   UNITED STATES DISTRICT COURT

5